**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4910

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SILAS FOSTER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:08-cr-00218-D-1)

Submitted: July 18, 2019                    Decided: August 14, 2019

Before NIEMEYER and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silas Foster, Jr., appeals his 36-month revocation sentence of imprisonment imposed after the district court revoked his supervised release. Foster asserts that this sentence is substantively unreasonable because it is double the top of the sentencing range recommended by the policy statements in the Sentencing Guidelines and the court failed to state a proper basis for its upward variance. Foster also contends that the record does not support the district court's observation during sentencing that Foster was incredible and that the sentence does not advance Foster's alleged need for medical treatment for his opioid addiction. We affirm.

"Recognizing the distinction between original sentencing and revocation sentencing, the Sentencing Commission has adopted 'revocation policy statements' that provide sanctions for [revocation violations], formalizing an approach that provides district courts with 'greater flexibility' than would be provided by specific revocation guidelines to determine the appropriate sanction." *United States v. Gibbs*, 897 F.3d 199, 203 (4th Cir. 2018) (quoting U.S.S.G. ch.7, pt. A, intro. cmt. 3). As a consequence, we have adopted a more deferential posture than when reviewing original sentences to "account [for] the unique nature of supervised release revocation sentences." *United States v. Crudup*, 461 F.3d 433, 438–39; *see also United States v. Slappy*, 872 F.3d 202, 207 (4th. Cir. 2017); *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). In a revocation context, therefore, "a [district] court's statement of its reasons for going beyond non-binding policy statements in imposing [a revocation] sentence . . . need not be as specific as has been required when courts departed from *Guidelines* that were before *Booker* considered to be

2

mandatory." *Gibbs*, 897 F.3d at 203 (quoting *Crudup*, 461 F.3d at 439); *Slappy*, 872 F.3d at 208–09. Of course, if the district court issues a variance sentence that departs from the policy statement range of the Sentencing Guidelines, more explanation for the sentence is required than when imposing a within-range revocation sentence. *See Gibbs*, 897 F.3d at 204. At bottom, however, the explanation needs to be sufficient to allow us "to engage in meaningful appellate review." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (cleaned up), *pet. for cert. filed*, ____ U.S.L.W. ____ (May 27, 2019) (No. 18-9654). As a consequence, we have concluded that while original sentences are reviewed for "reasonableness," even an unreasonable revocation sentence may stand unless it is *plainly* unreasonable. *Crudup*, 461 F.3d at 438–39.

Applying these standards here, we conclude that Foster's sentence is not plainly unreasonable. The district court appropriately considered the parties' arguments, allowed Foster to allocute, and explained the selective sentence in terms of revocation-relevance statutory factors. Moreover, we reject Foster's argument that the court did not articulate a proper basis for the variance sentence. The court fairly complied with the instruction that, "at revocation [it] should sanction primarily the defendant's breach of trust," and consider "to a limited degree" the defendant's criminal history and the seriousness of his supervised release violations. *See* U.S.S.G. ch.7, pt. A, intro. cmt. 3(b). Also, we defer to the district court in its determination that Foster was not credible during his representations to the court. *See United States v. Feurtado*, 191 F.3d 420, 424 n.2 (4th Cir. 1999) (recognizing that a district court's credibility determination is "entitled to great deference by this court").

We conclude accordingly that Foster's sentence was not unreasonable and therefore also not plainly unreasonable.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*